**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Anthony Bernard Chapman, | ) | Civil Action No. 6:22-0242-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Williams, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Petitioner's § 2254 petition be dismissed as an unauthorized successive petition. (Dkt. No. 8.) Petitioner filed an objection. (Dkt. No. 10.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the petition.

**I.     Background**

Petitioner is currently serving a sentence of twenty years' imprisonment for trafficking crack cocaine, possession with intent to distribute powder cocaine, and manufacturing marijuana. He filed a post-conviction relief ("PCR") action in the Spartanburg County Court of Common Pleas asserting ineffective assistance of counsel, which was denied in May 2016. Petitioner appealed, and the South Carolina Supreme Court denied a writ of certiorari. *See chapman v. State of S.C.*, C.A No. 2016-001230 (S.C.). In 2019, he filed through counsel a federal habeas petition under § 2254. *See Chapman v. Tucker*, C/A No. 6:19-0404-RMG (D.S.C.). The petition raised one ground for relief: denial of due process based on deficiencies in the transcript provided at the PCR hearing. *Id*. at Dkt. No. 1. He then amended the petition to assert a second ground for relief: ineffective assistance of plea counsel and involuntary guilty plea. *Id*. at Dkt. No. 21. After full briefing, the respondent's motion for summary judgment was granted and the

petition was dismissed on its merits. *Id*. at Dkt. No. 24, 27. Petitioner did not appeal. Petitioner then filed the instant § 2254 petition, which asserts for two grounds for relief: ineffective assistance of PCR counsel and ineffective assistance of plea counsel. Dkt. No. 1-1 at 5-8. Petitioner argues that this instant petition is not successive because he returned to state court and exhausted his grounds for relief. *Id*. As relief, he seeks release from custody. The Magistrate Judge undertook an initial review of this matter and recommends that the petition be dismissed as an unauthorized successive petition, to which Petitioner objects.

**II.     Legal Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**III.    Discussion**

The issue before the Court is whether it "plainly appears" that Petitioner is not entitled to relief under this instant § 2254 petition. Rule 4, Rules Governing § 2254. If he is not plainly entitled to relief, then the petition must be dismissed; otherwise, Respondent must respond. In this case, the petition is successive because Petitioner previously filed a § 2254 petition that was

dismissed on the merits. Petitioner argues in the instant petition is not successive because he filed a second post-conviction relief action to exhaust his claims. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). In his objection, Petitioner contends that his first habeas petition included one exhausted claim and one unexhausted claim, and to avoid piecemeal litigation he included both grounds in his initial habeas petition and, therefore, does not need authorization for a successive petition because this second petition is part of the initial petition. He also contends that the initial petition was not adjudicated on the merits, despite the ruling being on summary judgment. (Dkt. No. 10.) As the Magistrate Judge noted, his prior petition was adjudicated on the merits when that respondent's motion for summary judgment was granted. *See Chapman v. Tucker*, C/A No. 6:19-cv-0404-RMG at Dkt. Nos. 24, 27. The Court has considered Petitioner's objection in light of the record and concludes that the instant petition is successive. Petitioner may file this successive petition after he seeks and receives an order of authorization from the Court of Appeals for the Fourth Circuit. *See* § 2244(b)(3)(A). Petitioner has not presented any such authorization here. Because the authorization requirement is jurisdictional. the Court currently lacks jurisdiction to review the petition and it must be dismissed without prejudice. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

## IV.     Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not

covered by [28 U.S.C. § 2254]."). A petitioner may satisfy this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). "[T]o secure a certificate of appealability on claims that the district court denied pursuant to procedural grounds, [the petitioner] must demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.2d 676, 684 (4th Cir. 2001) (internal quotation marks omitted). The legal standard for issuance of a certificate of appealability has not been met because reasonable jurists would find neither issue debatable. Therefore, a certificate of appealability is denied.

**V.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R as the order of the court. Petitioner's petition (Dkt. No. 1) is **dismissed without prejudice**. A certificate of appealability is **denied**. The Clerk is directed to close this action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 28, 2022
Charleston, South Carolina

-4-